UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ELIZABETH LUYSTER, as Executor and
Administrator of the Estates of ALFRED W.  :  No. 06 CV 4166 (LMM)
ZADOW and DONNA M. ZADOW,
deceased.                                  :

                    Plaintiff,             :

    vs.                                    :

TEXTRON, INC.; AVCO CORPORATION            :
(Textron Lycoming Division); LYCOMING
ENGINES, SUPERIOR AIR PARTS, INC.; KS      :   MEMORANDUM AND ORDER
BEARINGS, INC.
                                           :
                    Defendants.
-----------------------------------------------------------x

MCKENNA, D.J.

  Before the Court is a motion by one of the Defendants, Textron, Inc. ("Defendant Textron"), to dismiss under Fed. R. Civ. P. 12(b)(6), or, in the alternative, for summary judgment. For the reasons set forth below, Defendant Textron's motion is DENIED.

## 1. Background

  This action arises out of an aircraft accident on May 24, 2005, in which Alfred Zadow, who piloted the craft, and Donna Zadow, his passenger, lost their lives. (Pl.'s Am. Compl. ¶ 2.) Elizabeth Luyster, executor and administrator of the estate ("Plaintiff"), is suing entities that played a role in the manufacture of the aircraft for negligence relating to the "design, manufacture, assembly, inspection, testing, distribution, sale, servicing, [and] maintenance . . ." of the aircraft's "engine and its component parts . . . ." (Id. at ¶ 7.) Avco Corporation ("Avco") is a wholly-owned subsidiary of Defendant Textron, and Lycoming Engines ("Lycoming") is an

-1-



COPIES MAILED TO COUNSEL  JUN 1 8 2007

unincorporated division of Avco. (Id. at ¶ 1.) In addition to negligence claims against these Defendants, Plaintiff also seeks to recover under a theory of strict liability and for breach of warranty. (Id. at ¶¶ 10-18.) Plaintiff further asserts a claim for punitive damages. (Id. at ¶¶ 19-23.)

Defendant Textron seeks to be dismissed from this action first because "Textron had no role in the design, manufacture, operation, maintenance, or sale of the subject aircraft engine . . . ." (Def.'s Mot. Summ. J. 2.) Defendant Textron disclaims any direct liability for the facts or injuries that Plaintiff alleges.

Defendant Textron next characterizes Plaintiff's complaint as an apparent attempt to pierce the corporate veil under the theory that Plaintiff seeks to reach Textron through two other defendants, Avco and Lycoming. (Def.'s Mot. Summ. J. 3.) Defendant Textron contends that Textron is a separate entity from Avco and Lycoming for the purposes of this suit and for any liability that may eventually be imposed. (Id. at 2.)

Plaintiff's complaint, and Plaintiff's opposition to the motion for summary judgment, allege direct liability on the part of Defendant Textron. (Pl.'s Am. Compl. ¶ 3; Pl.'s Opp'n Summ. J. 2.) At no point in the complaint does Plaintiff allege facts relating to piercing the corporate veil, except that Plaintiff alleges that Avco is a wholly-owned subsidiary of Defendant Textron. (Pl.'s Am. Compl. ¶ 1.) In Plaintiff's opposition papers, however, Plaintiff further argues that discovery is required before the issue of piercing the corporate veil can be resolved. (Pl.'s Opp'n Summ. J. 4.)

## II. Discussion

### A. Motion to Dismiss

-2-

"To survive a motion to dismiss . . . the complaint must allege facts which, assumed to be true, confer a judicially cognizable right of action." *York v. Association of the Bar of the City of New York*, 286 F.3d 122, 125 (2d Cir. 2002). Under Federal Rule of Civil Procedure 12(b)(6), "the complaint should not be dismissed unless it appears that . . . [Plaintiff] could 'prove no set of facts in support of his claim which would entitle him to relief.'" *Jenkins v. McKeithen*, 395 U.S. 411, 422 (1969) (citation omitted). Accordingly, the Court accepts Plaintiff's statements in the complaint as true.

### i. With Respect to Direct Liability

Plaintiff's complaint pleads direct liability on the part of Defendant Textron, as well as the other Defendants, for the injuries suffered by Plaintiff. Plaintiff alleges that "defendants Textron, Inc., Avco Corporation and Lycoming Engines are engaged in the business of designing, manufacturing, assembling . . . distributing and selling the subject-aircraft's O-540 series engine . . ." (Pl.'s Am. Compl. ¶ 3.) While the complaint does not distinguish between the individual Defendants, it certainly sets forth facts that, if proven about any of the Defendants, would entitle Plaintiff to relief. At this point in the pleadings Plaintiff has satisfied Rule 12(b)(6) with well-pleaded claims of negligence, strict liability, and breach of warranty, sufficient to survive a motion to dismiss. The motion to dismiss with respect to direct liability is therefore DENIED.

### ii. With Respect to Piercing the Corporate Veil

The elements needed to be established for the Court to impose veil piercing are "(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury . . ." *Novak v. Scarborough Alliance Corp.*, 481 F.Supp.2d 289, 293

(S.D.N.Y. 2007) (citation and quotation omitted).

> Factors to be considered in the determination of control or domination sufficient to pierce the veil include: "(1) the absence of the formalities and paraphernalia that are part and parcel of the corporate existence . . . (2) inadequate capitalization . . . (4) overlap in ownership, officers, directors, and personnel, (5) common office space, address and telephone numbers of corporate entities, (6) the amount of business discretion displayed by the allegedly dominated corporation, [and] (7) whether the related corporations deal with the dominated corporation at arms length . . ."

*In re Alstom S.A.*, 454 F.Supp.2d 187, 215 (S.D.N.Y. 2006) (citations omitted).

The Plaintiff's complaint does not include an allegation regarding piercing the corporate veil, nor are any facts alleged that would lead this Court to believe that Plaintiff is seeking to pierce the corporate veil. While Defendant Textron emphasizes that the complaint does not address either element of the *prima facie* case for piercing the corporate veil, or any of the sub-factors to prove domination, this does not show that Plaintiff's claim is legally insufficient, but rather that Plaintiff makes no such allegation. As Plaintiff appears to seek to recover through direct liability, rather than by veil piercing, a motion to dismiss because Plaintiff has failed to allege facts relating to piercing the corporate veil is not on point. Moreover, the Court need not reach the issue of piercing the corporate veil to resolve Defendant Textron's role at this stage in the litigation. Defendant Textron remains a defendant because Plaintiff has alleged that Textron is directly liable.

It should be noted, however, that based upon Plaintiff's opposition to Defendant's motion papers, it appears that Plaintiff would like to keep open the option of recovering from Defendant Textron by piercing the corporate veil. (Pl.'s Opp'n Summ. J. 4.) At this time the Plaintiff's complaint does not allege facts necessary to support recovery under that theory of liability.

Plaintiff would have to seek leave to amend her complaint should she choose to pursue her claims against Defendant Textron by such a theory of liability. See *Stockman v. Warren Co.*, 844 F.Supp. 103, 106 (D.Conn. 1994) (granting leave to amend to include facts supporting veil piercing in order to provide an "alternative avenue of recovery").

### B. Motion for Summary Judgment

In the alternative, Defendant Textron asks the Court to grant summary judgment under Fed. R. Civ. P. 56(c). A Court "may convert the motion to one for summary judgment" from a motion to dismiss when additional material beyond the pleadings is considered. *Homeberger v. County of Nassau*, 465 F.Supp.2d 176, 184 (E.D.N.Y. 2006) (citation and internal quotations omitted). However, "summary judgment [is to] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Discovery is not yet complete in this matter, and, in fact, is only in its infancy. It appears from the pleadings that the parties have not yet answered one another's interrogatories. (Pl.'s Opp'n Summ. J. 4.) Additionally, Plaintiff wishes to depose the witness on whose affidavit Defendant Textron relies in their motion and to be given the documents that the witness refers to in her affidavit. (*Id.*) In light of the substantial discovery that remains to be completed, the Court denies Defendant Textron's motion for summary judgment, but with leave to renew once discovery has come to a close.

### III. Conclusion

For the foregoing reasons, Defendant's motion is DENIED.

Dated: June 18, 2007

SO ORDERED:

_____
Lawrence M. McKenna
U.S.D.J.